48 F.3d 1216
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 George Wallace MORGAN, Petitioner-Appellee,
v.
Thomas R. CORCORAN, Warden, Maryland Correctional
Pre-Release System; Attorney General of the State
of Maryland, Respondents-Appellants.
 No. 94-6208.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 5, 1994.
Decided March 6, 1995.
 
 ARGUED: Mary Ann Rapp Ince, Assistant Attorney General, Criminal Appeals Division, OFFICE OF THE ATTORNEY GENERAL, Baltimore, MD, for Appellants. Paul Victor Jorgensen, Middletown, MD, for Appellee. ON BRIEF: J. Joseph Curran, Jr., Attorney General of Maryland, Criminal Appeals Division, OFFICE OF THE ATTORNEY GENERAL, Baltimore, MD, for Appellants.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, NIEMEYER, Circuit Judge, and OSTEEN, United States District Judge for the Middle District of North Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 In 1973, George Wallace Morgan was convicted by a jury in the Circuit Court for Prince George's County, Maryland of first-degree murder and sentenced to life imprisonment. On Morgan's second federal petition for a writ of habeas corpus, filed in 1993, the district court granted Morgan's petition and ordered a new trial or, alternatively, his release because the state judge in the original trial erred in instructing the jury. The district court concluded that the trial judge improperly shifted the burden to the defendant to rebut malice, a necessary element of murder, when he instructed the jury that "malice may be inferred by the pointing of a dangerous weapon at a critical part of the body." Because we conclude that Morgan's 1993 petition for a writ of habeas corpus is successive, we reverse. Yet in doing so, we note that we would reach the same result in reviewing the merits. Any error was harmless, because the trial judge properly instructed the jury on the elements of first-degree murder and the jury convicted Morgan on that count. See Guthrie v. Warden, Maryland Penitentiary, 683 F.2d 820 (4th Cir.1982).
 
 
 2
 On February 8, 1972, Morgan shot and killed Clyde Jackson outside a liquor store in Prince George's County, Maryland. Morgan did not deny that he killed Jackson, but contended that the shooting was accidental. Several witnesses testified that they saw Morgan put a gun in Jackson's side and walk him outside of the store, and one witness stated he actually saw Morgan deliberately aim and shoot Jackson in the face. Morgan, on the other hand, testified that he had interceded in an argument between Jackson and another man and asked Jackson to step outside in order to end the argument. According to Morgan, shortly after he and Jackson walked outside, Jackson bent over, Morgan felt a pain in his left wrist, and Morgan's gun went off accidentally. Morgan presented a medical technician and other witnesses who testified they saw a minor laceration on Morgan's left forearm shortly after the shooting. In rebuttal, the state called police detective Michael Ariemma, who arrested and strip searched Morgan on February 9, 1972. Ariemma testified that he did not see a laceration on Morgan's arm. After receiving instructions on first-degree murder, second-degree murder, and manslaughter, the jury convicted Morgan of first-degree murder on May 24, 1973. Morgan was sentenced to a term of life imprisonment.
 
 
 3
 Morgan appealed his conviction to the Maryland Court of Special Appeals, challenging the sufficiency of the evidence and the jury instructions given at his trial. The Court of Special Appeals affirmed, finding the evidence sufficient to warrant conviction and the jury instructions adequate. The Maryland Court of Appeals denied Morgan's petition for a writ of certiorari in 1973.
 
 
 4
 In 1975, Morgan filed a petition for post conviction relief in the Circuit Court for Prince George's County. The court found that the trial judge's instruction to the jury that the defendant must prove facts which would reduce the crime from murder to manslaughter was erroneous. However, the court held the error to be harmless because it found no evidence of justification, mitigation, intoxication, accident, or mistake in the record. Morgan's application for leave to appeal the decision to the Court of Special Appeals was denied in February 1977.
 
 
 5
 In 1977, Morgan filed his first petition for a writ of habeas corpus in the United States District Court for the District of Maryland, challenging the trial judge's jury instructions and alleging that Morgan was temporarily insane at the time of the shooting. In his petition, Morgan first asserted that he was "denied his constitutional right to a fair and impartial trial due to improper instructions to the jury that malice may be presumed and that the burden was upon the petitioner to show mitigation sufficient to reduce the crime to manslaughter." For his second ground, Morgan alleged that he was temporarily insane due to alcoholism as well as methadone and heroin addiction, both at the time the offense was committed and at the time of trial. The district court denied the petition, concluding that "[a]ny misallocation of the burden of proof on the issue of manslaughter would therefore not have affected the jury's decision" and "therefore was harmless error." The court thus denied the petition "with respect to any alleged error in instructing the jury." On the issue of temporary insanity, the district court denied the petition without prejudice because Morgan failed to exhaust available effective state remedies.[1] In November 1990, Morgan, proceeding pro se, filed this second petition for habeas corpus in the District of Maryland, and again he challenged the trial judge's malice and burden of proof instructions. The petition was referred to a magistrate judge who recommended that the district court deny the petition. On August 13, 1993, the district judge rejected the magistrate's report and recommendation and granted Morgan's petition for a writ of habeas corpus, ordering a new trial or, if the state declined to prosecute him within 90 days, his release. The Warden and the Attorney General for the State of Maryland (collectively "the State") appealed. The State contends that Morgan's second habeas petition was successive or, alternatively, that any error in the instructions on malice was harmless because Morgan was properly convicted of first-degree murder. We agree with the State on both grounds.
 
 
 6
 The Supreme Court has held that a federal habeas application should be found successive and controlled by the disposition of a previous application if "(1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application." Sanders v. United States, 373 U.S. 1, 15 (1963).
 
 
 7
 While Morgan acknowledges that his first habeas petition challenged the jury instructions for improperly instructing the jury that malice may be presumed simply from the fact that Morgan pointed a dangerous weapon at a crucial part of a body and that the district court then considering that petition acknowledged that issue, Morgan contends that the district court simply failed to rule on the issue, making no mention of malice in the discussion of the merits. Morgan argues that this petition raising the same issue is therefore not successive. We disagree because we conclude that in the first case the district court did decide the issue.
 
 
 8
 In the district court's memorandum and order in the first habeas case, dated September 12, 1977, the court asserted that Morgan presented two grounds in support of his motion. Summarizing Morgan's position, the district court grouped allegations relating to the allocation of proof into the first ground as follows:
 
 
 9
 First, the petitioner asserts that he was "denied his constitutional right to a fair and impartial trial due to improper instructions to the jury that malice may be presumed and that the burden was upon the petitioner to show mitigation sufficient to reduce the crime to manslaughter."
 
 
 10
 In considering that ground, the court proceeded to quote verbatim the state court's instructions with respect to first-degree murder, second-degree murder, and manslaughter, set forth in three separate paragraphs.[2]
 
 
 11
 Relying on the decision in Wilkins v. State of Maryland, 402 F.Supp. 76 (D.Md.1975), aff'd, 538 F.2d 327 (4th Cir.1976), the district court concluded that because Morgan was convicted of first-degree murder and evidence of that offense supported the jury's findings, any error in the instructions improperly shifting the burden of proof between second-degree murder and manslaughter was harmless. In other words, the district court concluded that any misallocation of the burden of proof in instructing the jury on counts other than first-degree murder would not have affected the jury's decision and, therefore, was harmless error. This is confirmed by the court's decision to deny the writ of habeas corpus "with respect to any alleged error in instructing the jury." (Emphasis added). We thus conclude that the district court considered and rejected the very argument that Morgan is now making.
 
 
 12
 A review of the jury instruction supports the district court's analysis. The misallocation of the burden of proof was contained in the second and third paragraphs of the instructions dealing with second-degree murder and manslaughter. In the second paragraph the trial judge instructed, "[u]pon proof by the state of an unlawful killing with nothing else, the presumption is that it is murder in the second-degree.... The defendant has the burden by a preponderance of the evidence of showing elements which would reduce the felonious and unlawful killing from second-degree [murder] to manslaughter, or showing that the killing was justifiable or excusable." Similarly, in the third paragraph, the state judge instructed that "[t]he essential distinction between murder and manslaughter is the presence of malice. You must have malice in murder but not in manslaughter.... Malice may be inferred by the pointing of a dangerous weapon at a crucial part of the body." The district court found that these provisions improperly shifted the burden of proof at least for second-degree murder and manslaughter. However, the court held that this error did not undermine the explicit, accurate instructions given with respect to first-degree murder. The instructions on that count left no doubt about the intent that was required. The trial judge instructed the jury that first-degree murder must be wilful, deliberate, and premeditated, and he explained premeditation: "the killing must be premeditated, planned in the mind beforehand, and the design to kill must have preceded the killing by an appreciable length of time--time enough to deliberate and form an actual wilful intent to kill." (Emphasis added). It is apparent from the district court's decision that it concluded both that these instructions properly delineated the necessary elements for first-degree murder and that "any misallocation of the burden of proof on the issue of manslaughter [which included the discussion about malice] would therefore not have affected the jury's decision." Because Morgan raises this same issue in this second petition for habeas corpus, we conclude that it is successive and that therefore the district court abused its discretion in granting the writ. See 28 U.S.C. Sec. 2244; Habeas Corpus Rule 9.
 
 
 13
 We reject Morgan's contention that, even if the district court had addressed the malice instructions in the first habeas case, the "ends of justice" would still require us to review Morgan's second petition. We agree with the district court's ruling on the first petition that any error in allocating the burden of proof was harmless because the jury was properly instructed on first-degree murder and the record contains evidence necessary to support the jury's verdict. In this regard we find our holding in Guthrie v. Warden, Maryland Penitentiary, 683 F.2d 820 (4th Cir.1982), dispositive. In Guthrie, the jury had been improperly instructed that the "law presumes all unlawful and felonious homicides to be committed with malice aforethought and to constitute murder" and that "the burden is on the accused to reduce the presumption of second-degree murder to manslaughter." Id. at 822. We held, nevertheless, that because the jury had been properly instructed on the law of first-degree murder, the jury's conviction for that offense cured any errors in the malice and second-degree murder instructions. See id. at 823. As in Guthrie, the jury in this case was properly instructed that only premeditated, deliberate, and wilful killings qualify as first-degree murders. Moreover, the jury was instructed that in considering whether Morgan acted with premeditation it must conclude "that the killing must be ... planned in the mind before hand, and the design to kill must have preceded the killing by an appreciable length of time--time enough to deliberate and form an actual wilful intent to kill." Accordingly, because we cannot say that the erroneous instructions in this case had a "substantial and injurious effect or influence in determining the jury's verdict," Brecht v. Abrahamson, 113 S.Ct. 1710, 1714 (1993) (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946), we conclude that Morgan was properly convicted under these instructions and that it would not serve the ends of justice to review his successive petition.
 
 
 14
 For the foregoing reasons, we reverse and remand with instructions to the district court to vacate its order granting the writ for habeas corpus and to enter an order denying the petition.
 
 IT IS SO ORDERED
 OSTEEN, District Judge, dissenting:
 
 15
 I would affirm the district court's well-reasoned decision. First, I disagree with the majority's conclusion that Morgan's second habeas corpus petition is successive. The principles governing denial of con sideration of a second habeas petition as successive are addressed to the sound discretion of the district court. Sanders v. United States, 373 U.S. 1, 18 (1963). In rejecting Morgan's first habeas petition, the district court denied the petition "with respect to any alleged error in instructing the jury." In so doing, however, the malice instruction issue was not specifically addressed. Furthermore, the district court in this case noted that the issue may have been unexhausted at the time of the first petition, and, most importantly, the district court in this case found that its own earlier opinion did not decide the issue on the merits. In light of these facts, I do not find that the decision of the district court to consider the second petition is an abuse of discretion.
 
 
 16
 Second, I disagree with the majority's conclusion that the erroneous malice instruction did not have a "substantial and injurious effect" on the verdict by virtue of the jury being properly instructed on first-degree murder elsewhere in the instructions. Although the jury was properly instructed initially as to the elements of first-degree murder, the erroneous malice instruction (which came later in the instructions) required the jury to presume malice, and defined malice in part as the "intentional doing of a wrongful act." This, in effect, created a mandatory presumption of intent to kill. Intent to kill was the key issue contested by Morgan at trial. I do not agree that the earlier proper instruction cured any improper effect the later erroneous malice instruction may have had on the jury's deliberations.
 
 
 
 [1]
 In 1983, Morgan filed a second petition for relief in the Circuit Court for Prince George's County, challenging the trial judge's malice and burden of proof instructions. The court denied the petition in 1985 and Morgan's application for leave to appeal was denied
 
 
 [2]
 The three paragraphs instructing the jury on first-degree murder, second-degree murder and manslaughter are as follows:
 Maryland law provides that all murders which shall be perpetrated by any kind of wilful deliberate and premeditated killing shall be murder in the first degree. The important words in that are "any murder perpetrated by any kind of wilful, deliberate and premeditated killing shall be murder in the first degree." In murder in the first degree there must be premeditation. "Premeditation" means in law that the killing must be premeditated, planned in the mind before hand, and the design to kill must have preceded the killing by an appreciable length of time--time enough to deliberate and form an actual wilful intent to kill. There must be a showing that there was deliberation with enough time existing for deliberation and premeditation to convince you, the triers of the facts, that this purpose existed in the mind and the mind had become fully conscious of its design....
 The law further provides that all other kinds of murder other than murder in the first degree shall be deemed to be murder in the second degree. Upon proof by the state of an unlawful killing with nothing else, the presumption is that it is murder in the second degree. The state then has the burden of proving beyond a reasonable doubt the elements of the crime which would raise the degree to murder in the first degree. The burden rests upon the State in this respect. That is, the State must prove beyond a reasonable doubt that the murder was deliberate, wilful and premeditated. The defendant has the burden by a preponderance of the evidence of showing elements which would reduce the felonious and unlawful killing from second degree to manslaughter, or showing that the killing was justifiable or excusable and therefore that the verdict should be not guilty.
 If you are convinced from the evidence that the death resulted from merely unlawful conduct on the part of the defendant and there was no intent to take a life, then in that case, the defendant would be guilty of manslaughter. The essential distinction between murder and manslaughter is the presence of malice. You must have malice in murder but not in manslaughter. Malice is defined in this connection as the intentional doing of a wrongful act to another without legal excuse or justification. Malice may be inferred by the pointing of a dangerous weapon at a crucial part of the body.